2000 OK JUD ETH 9.

## JUDICIAL ETHICS OPINION 2000–9.

### No. 2000–9.

Oklahoma Judicial Ethics Advisory Panel.

Nov. 14, 2000.

¶ 0 QUESTION 1: May a judge accept appointment as a chairman or member of a board of an organization whose mission is to investigate incidents of child abuse and, where appropriate, aid in prosecution?

¶ 1 SPECIFIC FACTS: The organization involved is a non-profit agency. The chairman of the organization would have the duty of presiding at meetings, signing checks, contracts, etc., on behalf of the organization. The position would not involve solicitation of funds. The organization is involved in the reporting, investigation and prosecution of child abuse and, among other things, coordinating various agencies including the sheriff's office, police departments, and district attorney's office. The employees of the organization seldom testify in Court (perhaps two times a year) and at times juveniles who have been counseled by the organization appear on the judge's juvenile docket.

¶ 2 WE ANSWER:    NO.

¶ 3 Canon 4A: "**Extra–Judicial Activities in General.** A judge should conduct all of the judge's extra-judicial activities so that they do not:

(1) cast reasonable doubt on the judge's capacity to act impartially as a judge. . . ."

¶ 4 Canon 4C(3)(a):    "A judge should not serve as an officer, director, trustee or non-legal advisor if it is likely that the organization:

i.  will be engaged in proceedings that would ordinarily come before the judge, or

ii.  will be engaged frequently in adversary proceedings in the court of which the judge is a member. . . ."

¶ 5 The organization described is an organization where ordinarily a judge may serve

as an officer, director, trustee or non-legal advisor since it is devoted to the improvement of the law and the administration of justice. However, under the clear wording of its mission, it is an organization that will frequently be engaged in proceedings that would ordinarily come before the judge or will be engaged frequently in adversary proceedings in the court of which the judge is a member.

¶ 6 Canon 4C(3) is silent as to whether a judge may be a member of such an organization. Because this organization is involved in investigating and prosecuting child abuse and neglect, we believe such membership by a judge would violate the spirit of Canon 4.

¶ 7 Robert L. Bailey, Chairman.

¶ 8 Robert A. Layden, Vice–Chairman.

¶ 9 Milton C. Craig, Secretary.